Citation Nr: 1829621 
Decision Date: 06/25/18 Archive Date: 07/02/18

DOCKET NO. 12-31 277 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for sleep apnea. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. Davis, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the Army from November 1968 to June 1970, with service in Korea and was awarded the Combat Infantry Badge. In addition, the Veteran served in the Army Reserve with periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA). 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a September 2010, rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

The Veteran testified at a travel Board hearing before the undersigned Veterans Law Judge (VLJ) in February 2016. A transcript of the hearing is associated with the claims file. 

This case was previously remanded in May 2016 for a VA examination and medical opinion. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is warranted in order to afford the Veteran due process and to conduct additional development regarding his claim of entitlement to service connection for sleep apnea. Specifically, VA must obtain an adequate addendum opinion regarding this claim.

Pursuant to the May 2016 Board remand directives, the Veteran was provided with a VA sleep apnea examination in June 2017. The examiner provided negative nexus opinions in reference to both secondary service connection (including aggravation) and direct service connection. However, the direct service connection opinion is not supported by adequate rationale.
Specifically, the direct service connection opinion relies entirely on an absence of evidence during service. The medical history portion of the June 2017 VA examination report acknowledges in service sleep trouble, insomnia and sleepwalking. It also notes that the Veteran's February 2016 hearing testimony that he had trouble sleeping and snored loudly in the barracks. However, the examiner's rationale for his negative direct service connection opinion was merely, "STRs are silent for diagnosis of sleep apnea or witnessed sleep apnea spells." This narrow focus ignores the fact that service connection may be granted for any disease diagnosed after discharge, when the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d) (2017). 

This negative medical opinion rationale does not discuss the Veteran's lay statements regarding his onset of symptoms, to include snoring and sleep deprivation, during active reserve service. It also does not discuss the problems of sleeping, insomnia, and sleep walking noted in STRs. See STRs at 22-23. Lay evidence does not lack credibility merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006). The opinion also fails to discuss whether the currently diagnosed sleep apnea could be related to the in-service complaints of trouble sleeping and insomnia. See STRS.

When VA undertakes the effort to provide an examination, it must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The Board finds that an addendum opinion is needed to adjudicate this appeal.

Furthermore, in an IHP received in May 2018, the Veteran argues that there is a link between his body mass index (BMI) and his sleep apnea. See May 2018 IHP at 5. Specifically, he argues that: (i) he is service-connected for PTSD and that PTSD includes manifestations of sleep impairment; (ii) that chronic sleep impairment causes obesity and that obesity is a known cause of the "mechanical obstruction" that results in obstructive sleep apnea; and (iii) that based on BMI charts that he is considered obese. Id at 6. Thus overall, he argues that his obesity is an intermittent step between his service connected PTSD and sleep apnea and that service connection should be granted on a secondary basis.
The Board finds that a medical opinion is also needed to ascertain if obesity is in fact an intermittent step between the Veteran's service-connected PTSD and sleep apnea disability.

Accordingly, the case is REMANDED for the following action:

1. Ask the original June 2017 VA sleep apnea examiner to provide an addendum opinion (if available). The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. 

The examiner is asked to address whether it is at least as likely as not that the Veteran's current sleep apnea diagnosis is related to his active military service, to include the noted problems sleeping, insomnia, and sleep walking found in STRs.

In forming his or her opinion, the VA examiner is asked to acknowledge the Veteran's lay statements regarding the onset and continuation of is symptoms to include snoring and sleep deprivation, during active Reserve service.

The examiner is also asked to address whether is as least as likely as not that the Veteran's current sleep apnea disability is linked to his service-connected PTSD, inclusive of the Veteran's claim that PTSD manifests by chronic sleep impairment and that chronic sleep impairment is linked to obesity and that obesity is linked to sleep apnea. Please see May 2018 IHP at pages 5 and 6 when formulating this opinion.

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

The examiner is also reminded that, even though a sleep disability may not have been demonstrated at separation, the Veteran may still establish service connection for the disorder by showing he now has a current sleep apnea diagnosis and by submitting evidence that his current diagnosis is related to his active military service.

2. If any benefit sought on appeal remains denied, issue a SSOC to the Veteran and his representative. Then return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).